# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. BRYANT,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>WELLS FARGO, TAMMY JOHNSTON, AVEDIAN PROPERTIES,<br><br>　　　　Defendants | CASE NO. 1:16-CV-1628 AWI MJS<br><br>ORDER RE: MOTION TO DISMISS AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT<br><br><br><br>(Docs. 5 and 8) |

## I. Background

This case arises out of a home foreclosure.[1] Plaintiff Mary Bryant's parents, Donald and Martha Cary owned the house at 3143 Brickfield Avenue in Tulare, CA. In 2007, they borrowed proximately $195,000 from World Savings[2] secured by a deed of trusty on that property. They fell behind on their payments and a notice of default was recorded in 2012. Donald Cary passed away in 2008. Martha Carey passed away on August 17, 2014. Before she passed away, Martha Carey signed a grant deed to transfer the property to Plaintiff as the trustee of the "Martha Jayne Cary Living Trust Under a Trust Dated January 11, 2014." Plaintiff recorded that grant deed on September 9, 2014. Meanwhile, a notice of sale was recorded on June 5, 2014.

Plaintiff filed the first Chapter 7 bankruptcy on April 27, 2015. This bankruptcy was dismissed on May 8, 2015 for failure to file schedules. Plaintiff filed the second Chapter 7

---

[1] The facts of this case are taken from Defendants' documents. Plaintiff is pro se; her filings are not clear and contain only fragmentary details of the dispute. Defendants' recitations of the events appear to be consistent with the limited information Plaintiff has provided.
[2] World Savings changed its name to Wachovia Mortgage and later merged with Wells Fargo Bank.

bankruptcy on May 18, 2015. This second bankruptcy was dismissed on September 11, 2015; Plaintiff failed to appear at a Section 341(a) meeting. The trustee, Cal-Western Reconveyance, sold the property to Wells Fargo on May 7, 2015, apparently without notice of the bankruptcy filing. The trustee's deed upon sale was not recorded until July 19, 2016, after the bankruptcy court annulled the automatic bankruptcy stay and permitted the sale to go forward.

Plaintiff has filed a number of cases with Superior Court, County of Tulare that deal with the foreclosure as well, namely VCU263744, VCU260959, VCU266486, VCU269326, VCU262910, and VCU266815. In these prior cases, Plaintiff has demonstrated a pattern of filing cases and then abandoning their prosecution. No trial was held in any of these cases; they resulted in dismissals of various kinds for failure to obey court orders. In the present case, Plaintiff tries to allege a RICO conspiracy to wrongfully foreclose on her property. Plaintiff's original complaint named Wells Fargo; Tammy Johnston; Avedian Properties; Mark Avedian; Buckley Madole; Erica Loftis; Scott Reigle; Anglin, Flewelling, Rasmussen, Campbell, and Trytten; and the Tulare Police Department as Defendants. Doc. 1. Plaintiff's first amended complaint named Wells Fargo; Cal-Western Reconveyance; Tammy Johnston; Avedian Properties; Mark Avedian; Buckley Madole; NBS Default Services; Scott Reigle; Tulare Police Department; Lt. Sonia Villasenor; and Officer Scott Wilkinson as Defendants. Doc. 3. Erica Loftis and Anglin, Flewelling, Rasmussen, Campbell, and Trytten appear to have been dismissed. Defendants Wells Fargo and Scott Reigle are jointly represented. Defendants Tammy Johnston, Mark Avedian, and Avedian Properties are also jointly represented. Defendants Cal-Western, Buckley Madole, NBS Default Services, Tulare Police Department, Sonia Villasenor, and Scott Wilkinson have not yet made an appearance in this case.

Defendants Wells Fargo and Scott Reigle have made a motion to dismiss. Doc. 5. Defendants Tammy Johnston, Mark Avedian, and Avedian Properties have made a motion to have Plaintiff declared a vexatious litigant. Doc 8. Neither motion has been opposed; Plaintiff has made no response to any of the filings. Among other points in their motion to dismiss, Defendants Wells Fargo and Scott Reigle have argued that the resolution of several cases, including Bryant v. Wells Fargo, Tulare County Superior Court Case No VCU260959, bars the claims Plaintiff seeks

to raise in this case. Doc. 5, 6:21-24.  Defendants Tammy Johnston, Mark Avedian, and Avedian Properties have similarly argued that "Plaintiff impermissibly attempts to relitigate against the Defendants the validity of the facts, issues, and lawsuits that have been finally determined against her and in favor of Defendants and other parties," referencing several cases including Bryant v. Johnston and Avedian, Tulare County Superior Court Case No. VCU263744 filed January 5, 2016. Doc. 8, 2:14-16 and 3:21-5:14.  They have squarely raised the issue of res judicata.

## II. Legal Standard

In considering the preclusive effect of a state court decision, "a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523 (1986).  Rulings of a state court "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738.

"As generally understood, the doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy. In its primary aspect, commonly known as claim preclusion, it operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. In its secondary aspect, commonly known as collateral estoppel, the prior judgment operates in a second suit based on a different cause of action as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action. The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." People v. Barragan, 32 Cal. 4th 236, 252-53 (Cal. 2004), citations omitted.  "California's res judicata doctrine is based upon the primary right theory....It provides that a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a

3

wrongful act by the defendant constituting a breach of that duty. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 904 (Cal. 2002), quoting Crowley v. Katleman, 8 Cal.4th 666, 681-82 (Cal. 1994). "[R]es judicata does not merely bar relitigation of identical claims or causes of action. Instead, in its collateral estoppel aspect, the doctrine may also preclude a party to prior litigation from redisputing issues therein decided against him, even when those issues bear on different claims raised in a later case." Vandenberg v. Superior Court, 21 Cal. 4th 815, 828 (Cal. 1999). "Under California law, a judgment is not final for the purposes of collateral estoppel until it is free from the potential of a direct attack, i.e. until no further direct appeal can be taken." Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1105 n.3 (9th Cir. 2010).

### III. Discussion

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." Arizona v. California, 530 U.S. 392, 412 (2000) (Ginsburg majority) quoting United States v. Sioux Nation, 448 U.S. 371, 432 (1980) (Rehnquist dissent). "[A] district court, acting sua sponte, may dismiss an action where the records of that court show that a previous action covering the same subject matter and parties had been dismissed." Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n.1. (9th Cir. 1958). Plaintiff is proceeding in forma pauperis. Doc. 6. As a consequence, "the court shall dismiss the case at any time if the court determines that...(B) the action or appeal...(ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In this case, Defendants have filed copies of the complaints and rulings in multiple state court decisions. Defendants Wells Fargo and Scott Reigle have directly asked this court for dismissal due to res judicata. The court extends the analysis to cover the claims against all Defendants.

**A. Identical Claim**

In the present case, Plaintiff is suing for damages under RICO. Her overall assertions are that "Defendant sought to mislead and deceive, not original lender, must show standing, cannot produce original note and deed of trust because note was securitized then destroyed. Copy of original is invalid....[Plaintiff and her parents] became victims of pattern of racketeering, collection of unlawful debt. With no right to foreclose...Defendant conducted 2 trustee sales with not intent to secure loan modification." Doc. 3, 6:2-18. The allegations against all of the Defendants concern their actions in 1) foreclosing on the property and 2) changing the locks on the house, causing her to lose the possessions contained therein. Plaintiff claims that Wells Fargo is "not original lender, cannot show standing, original notes, deed of trust, did not foreclose on owner trustor Plaintiff, refuses to release insurance funds $13,000 to estate for repairs, home damaged by squatters." Doc. 3, 4:1-6. Against Scott Reigle, she alleges "under oath and penalty of perjury, falsifies 'meet to confer' before [becoming] an accessory to fraud." Doc. 3, 6:23-26. This appears to be a reference to Scott Reigle's legal representation of Wells Fargo. Against Tammy Johnson, Plaintiff alleges "unlawful entry in my home, illegal lockout, changed locks, forcing Plaintiff to [lose] antiques, family heirlooms, furniture inside home [and] theft of out $30,000." Doc. 3, 4:10-14. Against Mark Avedian and Avedian Properties, Plaintiff alleges "refuses to reveal location stolen property or return stolen property." Doc. 3, 5:1-5. Against Buckley Madole and NBS Default Services, Plaintiff alleges "forecloses on wrong owners of home knowingly Wells Fargo not true parties of interest, foreclosure fraud...collection unlawful debt." Doc. 3, 5:7-15. Against Tulare Police Department, she alleges "refuses to take police report, Johnston's criminal trespassing, unlawful entry, theft." Doc. 3, 19-22. It appears that Sonia Villasenor and Scott Wilkinson are police officers with the Tulare Police Department. The thrust of Plaintiff's claim in this case is that Defendants conspired together to deprive her of both her parents' house and the contents of that house through a process of wrongful foreclosure. The main substantive relief Plaintiff seeks is "Plaintiff retains home, Defendant to release funds for repairs, they *** in name of Martha Jayne Cary, to her estate $13,000. Defendant pays separately all fines

and violations from and to City of Tulare Code Enforcement, and outstanding property tax, separately. Reversal foreclosure trustee sale. Removal from credit reporting agencies, Plaintiff and Donale E. and Martha Jayne Cary. Prosecution, foreclosure fraud, racketeering, emotional distress, punitive." Doc. 3, 7:1-15.

This claim has already been raised and ruled upon in the state court proceedings. Res judicata, more specifically claim preclusion, can be evaluated regarding Plaintiff's case as a whole against all of the Defendants. Under California law a primary right is "is the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." Fed'n of Hillside & Canyon Ass'ns v. City of L.A., 126 Cal. App. 4th 1180, 1202 (Cal. App. 2nd Dist. 2004). The injury Plaintiff suffered was the foreclosure of the property and corresponding loss of the contents of the house. Plaintiff has already sought redress of this injury in state court, most prominently in Bryant v. Wells Fargo, Court Case No. VCU260959, Bryant v. Johnston, Court Case No. VCU263744, and Bryant v. Tulare Police Department, Court Case No. VCU262910.

Plaintiff filed VCU260959 on May 21, 2015. Doc. 5-3, Ex. O. Plaintiff initially brought suit in her capacity as trustee of the Martha Jayne Cary Living Trust Under a Trust Dated January 11, 2014 but amended her complaint to bring the claims in her individual capacity. Doc. 5-3, Ex. P. In this case, she sued Wells Fargo for "fraud...loss of property, loss of income, negligent and intentional emotional distress" based on "failed to modify loan, failure to trustee Mary Bryant to act in food faith for loan modification, failure to secure property resulting in loss of property, unlawful lockout, not notice (24 hour) failed to accept loan documents for loan modification." Doc. 5-3, Ex. P. Plaintiff's later amended complaint stated that the claim was "wrongful foreclosure." Doc. 5-3, Ex. R. In that case, the court sustained Wells Fargo's demurrer's with leave to amend but Plaintiff violated the court's order to file a timely amended complaint. Doc. 5-3, Ex. S. The court granted judgement in favor of Wells Fargo on September 21, 2016. Doc. 5-3, Ex. U. Plaintiff did not appeal but instead filed a motion to set aside the judgment, which was denied. Doc. 5-3, Exs. V and Y.

Plaintiff filed VCU263744 against the Johnston Defendants, alleging that they unlawfully locked her out of her house and stole her property. Plaintiff states she "found locks had been

changed and lockbox used by realtor on front door. No notice of any kind. A supervisor with Wells Fargo named Matt who was denying any wrongdoing finally gave me name of their local agent as Tammy Johnston. She returned my phone call and stated she did place lockbox on door...entered my home after Wells Fargo said home was abandoned and was told to 'get rid of' property inside home....Approx 6 weeks later, all possessions stolen." Doc. 8-3, Ex. D. Plaintiff also complained that "Tulare PD refused to take a police report until weeks later on official check and title was still in our name and he looked on internet." Doc. 8-3, Ex. D. Plaintiff failed to abide by various court orders. Ultimately, she did not appear at trial on January 17, 2017, and default judgment was granted in favor of the defendants in that case. Doc. 8-3, Ex. L.

Plaintiff filed VCU262910 against Tulare Police Department, Sonia Villasenor, and Scott Wilkinson on October 15, 2015. Regarding the house at issue, Plaintiff alleged they "continued to wrongfully question my authority and continued to harass me. Villasenor and all officers continued to not allow me at my own home" and specifically sought damages for "negligent emotional distress, intentional emotional distress, exemplary damaged, loss of vehicle, loss of rent, loss of personal property." Doc. 8-3, Ex. CC. Again, Plaintiff failed to follow court orders to prosecute her claims; the case was dismissed with prejudice on September 19, 2016. Doc. 8-3, Ex. DD.

Though the present case is brought under RICO, Plaintiff is still seeking to remedy the same injury. Thus, the same primary right is at issue. "It matters not that appellant's new counsel has additional facts or a new theory of wrongful foreclosure. It is the same primary right which appellant has always claimed." Boyce v. T.D. Serv. Co., 235 Cal. App. 4th 429, 435 (Cal. App. 2nd Dist. 2015). The present case, brought under RICO, is just another attempt at reversing the foreclosure and seeking damages for loss of the possessions inside the house. The specific acts that Plaintiff alleges caused her injury as well as the kind of damages she seeks are the same. Thus, the claim in the present case is the same as that of the prior state cases meeting the first requirement of res judicata.

///

**B. Final Judgment on the Merits**

Res judicata requires a final judgment on the merits. These three state court cases were all adjudged in favor of the various defendants with prejudice. Doc. 5-3, Ex. U; Doc. 8-3, Exs. L and DD. "[A] judgment of default in a civil proceeding is 'res judicata as to all issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action any allegations contained in the former complaint.'" Murray v. Alaska Airlines, Inc., 50 Cal. 4th 860, 871 (Cal. 2010), quoting Fitzgerald v. Herzer, 78 Cal. App. 2d 127, 132 (Cal. App. 2nd Dist. 1947). "A judgment by default is as conclusive as to the issues tendered by the complaint as if it had been rendered after answer filed and trial had on allegations denied by the answer." Fitzgerald v. Herzer, 78 Cal. App. 2d 127, 131 (Cal. App. 2nd Dist. 1947); Alphonzo E. Bell Corp. v. Bell View Oil Syndicate, 46 Cal. App. 2d 684, 692 (Cal. App. 1st Dist. 1941) ("whatever issue was actually and necessarily included in a former judgment will be deemed to have been adjudged thereby"). Similarly, failing to prosecute a case will result in res judicata. See Bernstein v. Allstate Ins. Co., 119 Cal. App. 3d 449, 451 (Cal. App. 2nd Dist. 1981) (applying res judicata, the court found "A dismissal for failure to obey a court's discovery orders has the effect of a judgment on the merits against a plaintiff"). The three cases resulted in judgments on the merits for purposes of res judicata.

A judgment in final when "the period of time within which to subject it to direct attack, e.g., appeal or through a motion to vacate, has elapsed." De Weese v. Unick, 102 Cal. App. 3d 100, 106 (Cal. App. 2nd Dist. 1980), citing Restatement (First) of Judgments, § 1 cmt. b. Plaintiff does not appear to have appealed any of the three state court judgments. In Bryant v. Wells Fargo, Court Case No. VCU260959, Plaintiff did file a motion to vacate judgment, which was denied. Doc. 5-3, Exs. V and Y. In Bryant v. Johnston, Court Case No. VCU263744, Plaintiff did file a motion to vacate judgment, but it was untimely. Judgment was filed on January 26, 2017, and a notice to that effect was filed January 27, 22017. Doc. 8-3, Ex. L. Plaintiff had six months in which to file a motion to vacate. See Cal. Code Civ. Proc. 473(b). Plaintiff drafted her motion to vacate and dated it August 5, 2017 but did not file the motion until August 28, 2017. Doc. 8-3, Ex. M and N, 5:2-3. Plaintiff's motion to vacate was untimely filed. In Bryant v. Tulare Police

Department, Court Case No. VCU262910, there is no notice of any further motions after judgment. These three judgements were final for purposes of res judicata.

**C. Privity**

The last requirement under California law is that "the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." People v. Barragan, 32 Cal. 4th 236, 252-53 (Cal. 2004), citations omitted. Here, Plaintiff herself was the party that received adverse judgments in the prior cases. The party against whom claim preclusion is asserted is Plaintiff. Privity is clearly established.

As all three elements of res judicata are met, this case should be dismissed.

## IV. Order

Plaintiff's claims are DISMISSED WITH PREJUDICE due to res judicata. Defendants' motion to declare Plaintiff a vexatious litigant need not be addressed; it is DENIED as moot. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: December 15, 2017    _____
                                    SENIOR DISTRICT JUDGE